STATE OF IOWA v. J. A. DYER, Appellant.

**Oil Inspectors:** SALARY. Under Acts Twenty-fourth General Assembly, chapter 52, section 3, authorizing a deputy oil inspector to retain for service fees earned by him, up to fifty dollars per month, and twenty-five per cent. thereafter, not to exceed one hundred dollars per month, where one inspector died in the middle of the month, and his successor filled out the time, two salaries of one hundred dollars each are not authorized, and this, though the fees for each month were sufficient to warrant them.

*Appeal from Polk District Court.*—HON. THOMAS F. STEVENSON, Judge.

WEDNESDAY, DECEMBER 14, 1898.

JOHN MORRIS died December 15, 1893, and during that month, as deputy inspector of oil, had tested three thousand, three hundred and seventy-six barrels of oil, entitling him to charge as fees the sum of three hundred and thirty-seven dollars and sixty-one cents. The defendant was appointed deputy inspector to succeed Morris, and during the remainder of the month tested three thousand, five hundred and sixty-one barrels of oil, entitling him to charge fees amounting to three

hundred and fifty-one dollars and sixty cents. He reported
to the inspector of oils the total work of himself and Morris,
and retained from the moneys received one hundred dollars
as compensation for his services, and the same amount for
the estate of Morris. As the executive council decided only
one hundred dollars could be allowed for the services of both
during December, he paid the inspector another one hun-
dred dollars, but at the time of settling with him in May, 1893,
again retained the one hundred dollars from the fees collected
by him during that month and April; and this action was
brought to recover that amount, with interest. Judgment was
entered as prayed, and defendant appeals.—*Affirmed.*

   *J. A. Dyer* and *Dale, Kinkead & Bissell* for appellant.

   *Milton Remley,* Attorney General, and *Jesse A. Miller*
for the State.

   LADD, J.—The very point in controversy is whether an
officer who is paid, in fees collected, a salary not exceeding a
fixed sum, and whose entire time belongs to the state, in event
there is work to do, shall receive a month's salary for a half
month's service. The number of deputy oil inspectors must
be approved by the board of health, and their compensation is
fixed for each calendar month. • The deputy is allowed cer-
tain expenses, and must report under oath to the state inspec-
tor "at the beginning of each month for the calendar .month
preceding." Acts Twenty-fourth General Assembly, chapter
52. Section 3 of that chapter is in part as follows: "Each
deputy inspector shall collect all fees and commissions,
now or hereafter provided by law for inspecting products of
petroleum, earned by him, and each deputy inspector may
retain for his services actually rendered, all fees and commis-
sions earned by him until the same amount.to fifty dollars
per month; also twenty-five per cent. thereafter: provided,
that no deputy inspector shall be allowed to receive as salary,
fees or commissions exceeding one hundred dollars per
month." It is plain that the legislature intended the maximum
   VOL. 106 Ia—41

salary for a full month's labor. But Morris was prevented by death from working longer than one-half month. He was entitled, then, at the most, to no more than one-half a month's salary. The same rule applies to defendant. The intention was that all fees received during the month in excess of the maximum salary fixed should go to the state. And the fact that the fees collected during the half month would warrant the full salary would not relieve the officers from giving the entire month to the inspection of oils. If two performing services during part of the same month may each receive the entire salary for that month, then any number may accomplish the same end. The number of these officers is limited, and one simply succeeds his predecessor in the work. Men change, but the office continues. And to this office is attached a defined compensation for a calendar month. Each was only entitled to the pro rata share of the maximum salary. See *State v. Frizzell*, 31 Minn. 460 (18 N. W. Rep. 316), and *Ex parte Lawrence*, 1 Ohio St. 431. We do not find it necessary to determine whether, after payment under protest, the defendant could insist upon his right to retain this money.— AFFIRMED.